UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------- x

JERRY BOGGS,                                    :
                                                :
                           Plaintiff,           :       **MEMORANDUM &**
                                                :       **ORDER GRANTING IN**
            -against-                           :       **PART AND DENYING IN**
                                                :       **PART DEFENDANT'S**
AVELO AIRLINES, INC.,                           :       **MOTION TO DISMISS**
                                                :
                           Defendant.           :       3:25-CV-581 (VDO)
---------------------------------------------------------------- x

**VERNON D. OLIVER**, United States District Judge:

Plaintiff Jerry Boggs, formerly an employee of Defendant Avelo Airlines, Inc. ("Avelo"), commenced this action claiming employment discrimination, failure to accommodate, and retaliation on the basis of disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* Before the Court is Avelo's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

## I.     BACKGROUND[1]

Avelo hired Boggs on February 28, 2023, for the position of Manager of Business Development, where Boggs served as a representative for campaigns and was responsible for executing localized partnership strategies to enhance brand recognition and drive customer conversion.[2]

Approximately two months later, in April 2023, Boggs elected to take a half-day off of work to attend a doctor's appointment and was immediately reprimanded by his manager,

---

[1] The Court accepts as true the factual allegations in the Complaint and draws all reasonable inferences in Boggs's favor for the purpose of deciding Avelo's motion.

[2] First Amended Complaint, ECF No. 28 ¶¶ 21, 35.

Travis Christ, Head of Marketing for Avelo Airlines, who stated that Boggs had not been working there long enough to take days off work.[3]

Boggs had travel for work scheduled from June 12, 2023 through June 14, 2023.[4] Prior to this travel, Boggs sought emergency treatment for intermittent tingling or numbness in the left side of his face and in his left hand.[5] After being admitted to the hospital, Boggs notified Christ via telephone that he had numbness in his face, was being hospitalized for symptoms of having a stroke, and that he would not be able to travel as planned on June 12, 2023.[6] Following a four-day hospital stay, Boggs immediately returned to work on June 15, 2023.[7]

On June 27, 2023, Boggs was blindsided when he was informed by a video-conference call with Christ of Avelo's decision to eliminate his position as Manager of Business Development.[8]

## II.    LEGAL STANDARD

A party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). "A complaint survives a Rule 12(b)(6) motion to dismiss if the facts, taken as true and with all reasonable inferences drawn in the plaintiff's favor, state a plausible claim to relief." *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024). A claim is plausible "when the plaintiff pleads factual content that allows

---

[3] *Id.* ¶ 36.

[4] *Id.* ¶ 37.

[5] *Id.* ¶ 38.

[6] *Id.* ¶ 39.

[7] *Id.* ¶ 42.

[8] *Id.* ¶ 53.

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III.    DISCUSSION

### A.    Disability Discrimination

Avelo first argues that the Court should dismiss Boggs's claims of disability discrimination and failure to accommodate because Boggs failed to plausibly allege that he is disabled. The Court disagrees.

The ADA "prohibits employment discrimination against individuals with a physical or mental impairment that substantially limits one or more major life activities, as well as individuals having a record of or who are regarded as having such an impairment." *Sharikov*, 103 F.4th at 162. Thus, in order to establish a *prima facie* case of discrimination under the ADA, a plaintiff must show that: (1) his employer is subject to the ADA; (2) he was disabled within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) he suffered an adverse employment action because of his disability. *See Davis v. N.Y.C. Dep't of Educ.*, 804 F.3d 231, 235 (2d Cir. 2015).

The Court finds that Boggs has alleged sufficient facts to reasonably infer that he is disabled, as is required at the pleadings stage. "At the motion to dismiss stage, the plaintiff must allege that he has a physical or mental impairment, which substantially limits an activity that constitutes a major life activity under the ADA." *Cavienss v. Norwalk Transit*, No. 21-CV-1694 (MPS), 2023 WL 7183833, at *5 (D. Conn. Nov. 1, 2023) (cleaned up). Boggs alleges not only that he suffered a heart attack that resulted in heart damage and heart disease, but also that his medical conditions substantially limited his ability to work, as shown by Boggs

3

cancelling work-related travel due to hospitalization for stroke-like symptoms.[9] At this phase of the litigation, the inquiry stops. There is a "possibility that a temporary injury can constitute a qualifying disability" and thus, claims brought under the ADA cannot be dismissed at the pleadings stage "simply because the injury causing these limitations was temporary." *Hamilton v. Westchester Cnty.*, 3 F.4th 86, 93 (2d Cir. 2021).

### B.    Failure to Accommodate

As to the failure to accommodate claim, Avelo argues that there are no facts indicating that Avelo had notice of Boggs's disability or of Avelo's refusal to offer reasonable accommodations. The Court agrees.

To establish a *prima facie* case for failure to accommodate under the ADA, a plaintiff must satisfy the first three factors necessary to make out a claim for disability discrimination, laid out above. *See Davis*, 804 F.3d at 235. For the fourth factor, however, a plaintiff must show by a preponderance of the evidence that his employer refused to make a reasonable accommodation. *Woolf v. Strada*, 949 F.3d 89, 93 (2d Cir. 2020); *Bost v. Nassau Cnty. Dep't of Social Servs.*, No. 22-2547, 2023 WL 6366053, at *2 (2d Cir. Sept. 29, 2023) (summary order).

Though Boggs adequately alleges a claim for disability discrimination, the failure to accommodate claim must be dismissed. While Boggs alleges that Avelo denied his requests for reasonable accommodations and that it failed to engage in an interactive process to determine accommodations for him, Boggs does so in a wholly conclusory manner without specifying the accommodation that was requested upon his return to work. "Generally, it is the

---

[9] ECF No. 28 ¶¶ 37–40.

responsibility of the individual with a disability to inform the employer that an accommodation is needed." *Costabile v. N.Y. Health & Hosps. Corp.*, 951 F.3d 77, 81 (2d Cir. 2020). The only accommodation that Boggs specified in the Complaint is time off for an emergency four-day hospital stay.[10] The Second Circuit has not resolved the question of whether paid or unpaid leave can constitute a reasonable accommodation under the ADA. *Martin v. Master-Halco, Inc.*, No. 24-CV-01150 (JCH), 2026 WL 799434, at *3 (D. Conn. Mar. 23, 2026) (quoting *Petrone v. Hampton Bays Union Free Sch. Dist.*, 568 F. App'x 5, 7 n.2 (2d Cir. 2014) (summary order)).

But even assuming that requesting leave from work *can* constitute a request for reasonable accommodation, Plaintiff has not pleaded sufficient facts to show that Avelo had an opportunity to grant a request for leave, or that Avelo was on notice that Boggs needed some other accommodation. Indeed, though Plaintiff alleges that he sought leave for a four-day hospital stay, the allegations here indicate that Avelo was notified of that "request" after Plaintiff was already hospitalized. *See Benson v. Westchester Med. Ctr.*, No. 20-CV-5076, 2022 WL 2702544, at *11 (S.D.N.Y. July 12, 2022) (finding that a doctor's note was not a request for an accommodation where it did not give an employer an opportunity to grant or deny time off).

### C.    Retaliation

Avelo argues that Boggs fails to plead facts to support a *prima facie* case of retaliation under the ADA. The Court agrees.

---

[10] *Id.* ¶ 82.

When a plaintiff alleges a retaliation claim under the ADA, a plaintiff must plausibly allege that (1) he engaged in protected activity; (2) the defendant was aware of that activity; (3) he was subjected to a retaliatory action, or a series of retaliatory actions, that were materially adverse; and (4) there was a causal connection between the protected activity and the materially adverse action. *Fox v. Costco Wholesale Corp.*, 918 F.3d 65, 72–73 (2d Cir. 2019).

Here, the retaliation claim must be dismissed for failure to plausibly allege that Boggs engaged in a protected activity. A "[p]rotected activity is action taken to protest or oppose statutorily prohibited discrimination," *Natofsky v. City of New York*, 921 F.3d 337, 354 (2d Cir. 2019), which includes "making complaints to management, writing critical letters to customers, protesting against discrimination by industry or by society in general, and expressing support of co-workers who have filed formal charges." *Sumner v. United States Postal Serv.*, 899 F.2d 203, 209 (2d Cir. 1990). As relevant here, requesting a reasonable accommodation at a job constitutes a protected activity. *Muller v. Costello*, 187 F.3d 298, 311 (2d Cir.1999). However, no such request is alleged here, and neither are any other types of protected activity. Boggs alleges that, when he sought emergency treatment and was admitted to the hospital due to a possible stroke, he called Christ and informed him of his hospitalization, and that he returned to work following his discharge from the hospital.[11] As noted previously, Boggs does not plausibly allege a request for reasonable accommodation because it cannot be reasonably inferred that Avelo had an opportunity to consider a request for leave. Thus, even if leave from work is a reasonable accommodation under the ADA, the retaliation claim must

---

[11] ECF No. 28 ¶¶ 38–42.

still be dismissed. Plaintiff effectively pleads himself out of court as the facts here reveal that his actions "were entirely unilateral" and thus, could not constitute a "request" to his employer. *Moran v. Wegmans Food Mkts., Inc.*, 65 F. Supp. 3d 327, 332 (W.D.N.Y. 2014) (finding that an employee did not engage in a protected activity where he "left work because he was feeling poorly and needed to see his physician, and didn't return for three days").

IV.    **CONCLUSION**

For the foregoing reasons, the motion to dismiss for failure to state a claim is **GRANTED IN PART AND DENIED IN PART**. The motion to dismiss the failure to accommodate and retaliation claims under the ADA is granted and those claims are dismissed. The motion is otherwise denied. Plaintiff's disability discrimination claim under the ADA remains pending.

**SO ORDERED.**

Hartford, Connecticut
April 28, 2026

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge

7